| |
|:---:|
| **Retained Realty, Inc. v Koenig** |
| 2024 NY Slip Op 33676(U) |
| October 10, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 6061/2007 |
| Judge: Derefim B. Neckles |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP-2 of the Supreme Court
of the State of New York, held in and for the
County of Kings, at the Courthouse, at 360 Adams
Street, Brooklyn, New York, 11201 on the 10th day
of October, 2024.

P R E S E N T:

HON. DEREFIM B. NECKLES,
                                    Acting Justice.
- - - - - - - - - - - - - - - - - - - - - - - - - -X

RETAINED REALTY, INC.,

                              Plaintiff,

          - against -                                     Index No. 6061/2007

HERBERT E. KOENIG, SUSAN R. KOENIG
COLUMBIA UNIVERSITY MEDICAL CENTER
ANESTHESIA SERVICES AND THE NEW YORK
STATE DEPARTMENT OF TAXATION AND
FINANCE,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - -X

The following papers read herein:              NYSCEF Doc Nos.
Motion to Reargue/Opposition/Reply Annexed     paper filed
Order to Show Cause/Affirmations Annexed        5-20, 22-24
Opposition Order to Show Cause                   28-54

Upon the foregoing papers in this proceeding to foreclose on a mortgage encumbering the subject property located at 1733 East 32nd Street, Brooklyn, NY 11234, defendant Herbert E. Koenig moves (under mot. seq. 13) for an order (1) granting reargument of the January 25, 2022 decision and order pursuant to CPLR §2221(d); and (2) upon reargument, granting defendant's cross-motion seeking vacatur of the January 28, 2016 order and judgment of foreclosure and sale and dismissal of the action.

Defendant Herbert E. Koenig moves (under mot. seq. 14) by order to show cause for an order enjoining plaintiff from taking any action to sell, transfer, or encumber any

[* 1]

interest in the subject property, pending a determination of defendant's motion for leave to reargue.

### *Background*

This action arises from defendant's default in payment of amounts due under a note and mortgage executed by defendant on December 9, 2003, in the original principal amount of $225,000.00. Defendant did not serve or file an answer to the complaint and did not file a timely notice of appearance. Upon defendant's default in appearing, by order dated July 2, 2008, plaintiff was granted an order of reference. Thereafter plaintiff moved for a judgment of foreclosure and sale, but prior to the return date of plaintiff's motion, plaintiff received correspondence that defendant's counsel had been suspended from the practice of law as of January 8, 2015, and defendant requests an adjournment to retain new counsel. Plaintiff consented to an adjournment to the first week of September, however the motion was adjourned to July 9, 2015, and plaintiff did not appear, and the motion was marked off the calendar.

Plaintiff then made its sixth application for a judgment of foreclosure and sale on September 29, 2015, and it was granted without opposition by the court by order dated January 28, 2016. The foreclosure sale was previously set three times, and each time cancelled due to defendant filing an order to show cause to stay the sale. Thereafter, on September 20, 2019, plaintiff moved for the court's permission to set the foreclosure sale, and defendant cross-moved on March 3, 2020 to vacate the judgement of foreclosure and sale on the grounds that this action should have been stayed pursuant to CPLR §321(c),

2

[* 2]

because his prior-attorney was suspended. By order dated January 25, 2022, the court granted plaintiff's motion and denied defendant's cross-motion on the grounds that defendant failed to raise this issue in his prior motions to vacate the judgment.

Defendant now moves to reargue the January 25, 2022 decision, and stay the sale pending the outcome of his motion.

### Discussion

Pursuant to CPLR §2221(d)(2), a motion for leave to reargue shall be based on matters of fact or law allegedly overlooked or misapprehended by the Court in determining the prior motion. Here, defendant contends that the court erroneously concluded that defendant was precluded from raising additional grounds for vacatur (under CPLR §321(c)) in its successive motion for vacatur of the judgment of foreclosure and sale.

A party is precluded from moving to vacate its default on grounds asserted in a prior motion to vacate the default that had been previously denied in an order from which it took no appeal as well as on grounds that were apparent at the time that the party made the prior motion but were not asserted therein. *A.G. Parker, Inc. v. 246 Rochester Partners, LLC*, 85 N.Y.S.3d 532, 534 (2018).

Here, defendant brought its first motion to vacate the judgment of foreclosure and sale on April 1, 2016, only arguing that plaintiff failed to comply with N.Y. Kings County Supreme Court Uniform Civil Rules, Pt. F, Rule 8. The suspension of defendant's prior attorney was apparent at the time the first motion was submitted.

3

[* 3]

To the extent that defendant's second motion to vacate the judgement of foreclosure and sale was treated as one for renewal, a motion for renewal "shall contain reasonable justification for the failure to present such facts on the prior motion" *Fardin v. 61st Woodside Assoc.*, 125 A.D.3d 593, 595. "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation." *Id.*

Thus, the court properly held in the January 25, 2022 decision that defendant fails to present any excuse for his failure to raise the CPLR 321(c) issue in his prior motion.

Additionally, when reviewing defendant's appeal of the decision to his first motion to vacate the judgment of foreclosure and sale, the Appellate Division cited to *NAB Asset Venture IV, LLP v. Orangeburg Equities*, holding that "[a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded", 19 A.D.3d 565 (2005). Defendant should have raised his defenses before the entry of a judgment of foreclosure, but did not, and should not be entertained by the court after the fact. *Id.*

Accordingly, it is

**ORDERED** that Defendant Herbert E. Koenig's motion for leave to reargue is denied in its entirety; and it is

**ORDERED** that defendant Herbert E. Koenig's order to show cause to stay the action pending the decision of his motion to reargue is denied as moot.

4

This constitutes the decision and order of the Court.

E N T E R,

HON. DEREFIM B. NECKLES
A. J. S. C.

KINGS COUNTY CLERK
FILED
2024 OCT 11 A 10: 06